TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,
Appellant,

v.

Brian Edward SIMONS, Appellee.

No. 09–06–039 CV.

Court of Appeals of Texas,
Beaumont.

Submitted on May 23, 2006.

Decided July 27, 2006.

Greg Abbott, Atty. Gen., Barry R. McBee, First Asst. Atty. Gen., Edward D. Burbach, Deputy Atty. Gen. for Litigation, R. Ted Cruz, Solicitor Gen., Danica L. Milios, Asst. Solicitor Gen., Austin, for Appellant.

Aubrey R. Williams, Montez, Williams & Baird, PC, Waco, for Appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

STEVE McKEITHEN, Chief Justice.

Texas Department of Criminal Justice–Institutional Division ("TDCJ") appeals the trial court's denial of its plea to the jurisdiction and no-evidence motion for summary judgment. See Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2005); *Harris Co. v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004). We reverse and render.

## Background

Appellee Brian Edward Simons sued TDCJ for injuries Simons alleges he sustained during his incarceration.[1] TDCJ filed a plea to the jurisdiction, in which it asserted Simons's claim is barred because he failed to provide TDCJ with actual or written notice as required by the Texas Tort Claims Act ("TTCA").[2] See Tex. Civ. Prac. & Rem.Code Ann. § 101.101 (Vernon 2005).[3] The trial court denied TDCJ's plea to the jurisdiction, and TDCJ appealed. This Court found that TDCJ had actual notice of Simons's claim and affirmed the trial court's order. *See Tex. Dep't of Criminal Justice v. Simons*, 74 S.W.3d 138, 142 (Tex.App.-Beaumont 2002), rev'd, 140 S.W.3d 338 (Tex.2004).

In its opinion reversing our decision, the Supreme Court held that "actual notice

---

1. For a full discussion of the circumstances of Simons's injury, *see Tex. Dep't of Criminal Justice v. Simons*, 74 S.W.3d 138, 140–41 (Tex.App.-Beaumont 2002), rev'd, 140 S.W.3d 338 (Tex.2004).

2. Simons concedes he did not provide TDCJ with written notice, so he relies upon the "actual notice" exception provided by Tex. Civ. Prac. & Rem.Code Ann. § 101.101(c) (Vernon 2005). TDCJ concedes it had actual knowledge of the occurrence of Simons's injury and the identity of the parties involved. *Simons*, 74 S.W.3d at 140.

3. Section 101.101 provides as follows:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
(1) the damage or injury claimed;
(2) the time and place of the incident; and
(3) the incident.
. . . .
(c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

under section 101.101(c) requires that a governmental unit have knowledge of the information it is entitled to be given under section 101.101(a) and a subjective awareness that its fault produced or contributed to the claimed injury." Simons, 140 S.W.3d at 348. The Supreme Court also found that section 101.101 does not deprive the trial court of subject matter jurisdiction. *Id.* at 348–49. *See also Univ. of Tex. Southwestern Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 362 (Tex. 2004).

In 2005, the Legislature amended section 311.034 of the Government Code. See Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2005). The amended version provides as follows:

In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2005). The previous version of section 311.034 did not contain the last sentence, which makes statutory prerequisites to a suit jurisdictional. See Act of May 26, 2001, 77th Leg., R.S., ch. 1158, § 8, sec. 311.034, 2001 Tex. Gen. Laws 2570, 2572 (current version at Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2005)). Although

the amended version of section 311.034 became effective on September 1, 2005, the statute is silent regarding whether the amendment is to be applied to suits pending as of its effective date.[4] See Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2005).

After the effective date of the statute, TDCJ filed a "plea to the jurisdiction and no evidence motion for summary judgment," in which it again argued the case should be dismissed for lack of jurisdiction because TDCJ did not receive actual notice of Simons's claim. The trial court denied TDCJ's plea to the jurisdiction and no evidence motion for summary judgment, and this case is again before us on interlocutory appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

### TDCJ's Issue Two

■ In issue two, TDCJ contends section 311.034, as amended, "applies to all pending cases because it is a nonsubstantive, procedural statute that affects no vested rights but merely defines the jurisdictional limits of the courts to consider claims against the State."[5] See Tex. Gov't Code Ann. § 311.034. Because this issue pertains to jurisdiction, we address it first.

■ The Texas Constitution prohibits ex post facto laws. Tex. Const. art. I, § 16. "We generally presume that the Legislature intends an amendment to operate prospectively and not retroactively." *Villasan v. O'Rourke*, 166 S.W.3d 752, 765 (Tex.App.-Beaumont 2005, pet. filed) (citing *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 219 (Tex. 2002)). The general rule, however, does not apply when the amendment is procedural or remedial. *Villasan*, 166 S.W.3d at 765. Retroactive application of a statute is

---

4. Simons filed suit against TDCJ on August 28, 1996.

5. Simons does not challenge TDCJ's assertion that Tex. Gov't Code Ann. § 311.034 is merely a procedural statute and, therefore, the amended version applies to Simons's claim.

only unconstitutional if, when applied, the statute takes away or impairs vested rights acquired under existing law. *Id.* at 766. Because jurisdictional statutes are procedural and do not affect substantive rights, they generally apply to pending suits. *Subaru,* 84 S.W.3d at 220; *Villasan,* 166 S.W.3d at 765.

Since the statutory prerequisites to suit were not jurisdictional before the Legislature amended section 311.034, a governmental entity could not appeal the issue of no statutorily-required notice before the trial court entered a final judgment. See Act of May 26, 2001, 77th Leg., R.S., ch. 1158, § 8, sec. 311.034, 2001 Tex. Gen. Laws 2570, 2572 (current version at Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2005)); Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2005). The 2005 amendment changes the time at which a governmental entity may appeal, but does not affect vested rights to recover under the prior law. See May 26, 2001, 77th Leg., R.S., ch. 1158, § 8, sec. 311.034, 2001 Tex. Gen. Laws 2570, 2572 (current version at Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2005)). If a claimant has given the notice required by Tex. Civ. Prac. & Rem.Code Ann. § 101.101, he may have a right to recover under the TTCA, and he may prevail on appeal, whether the appeal is interlocutory or after final judgment. A claimant who has not given either timely written notice or actual notice has no vested right to recover under the TTCA, and the amendment merely enables the governmental entity to appeal the issue before entry of a final judgment rather than after. See Tex. Civ. Prac. & Rem. Code Ann. § 101.101; Tex. Gov't Code Ann. § 311.034.

We find the amendment is procedural and does not affect vested substantive rights under the prior law. We therefore apply the current version of section 311.034 and find we have jurisdiction over this appeal. *See Subaru,* 84 S.W.3d at 220; Tex. Gov't Code Ann. § 311.034; Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8).[6]

## TDCJ's Issue One

■ In issue one, TDCJ asserts that because it did not have actual notice of Simons's claim, the case must be dismissed for lack of subject matter jurisdiction. We review the trial court's jurisdictional ruling de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998); *City of Dayton v. Gates,* 126 S.W.3d 288, 289 (Tex. App.-Beaumont 2004, no pet.). The Supreme Court has construed section 101.101(c) to require "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); see Tex. Civ. Prac. & Rem.Code Ann. § 101.101(c). The Supreme Court held in this case that "actual notice under section 101.101(c) requires that a governmental unit have knowledge of the information it is entitled to be given under section 101.101(a) and a subjective awareness that its fault produced or contributed to the claimed injury." *Simons,* 140 S.W.3d at 348. The Supreme Court further explained as follows:

> It is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that

---

6. *But see Casanover v. Tomball Reg'l Hosp. Auth.,* No. 01–04–00136–CV, 2006 WL 23407, at *2 n. 2 (Tex.App.-Houston [1st Dist.] Jan. 5, 2006, no pet. h.) (mem.op.) (Court did not apply amended version of Tex. Gov't Code Ann. § 311.034 to case filed before amendment's effective date.).

it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault. If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault.

*Id.* at 347–48.

Three Courts of Appeals have interpreted the "subjective awareness" standard announced by the Supreme Court in Simons. In *Casanover v. Tomball Reg'l Hosp. Auth.*, No. 01–04–00136–CV, 2006 WL 23407, *1 (Tex.App.-Houston [1st Dist.] Jan. 5, 2006, no pet. h.) (mem.op.), the decedent suffered an injury when leaving the hospital after dialysis treatment, and later died. Appellants' counsel wrote to the hospital several times requesting medical and billing records. *Id.* Counsel later wrote a letter to the hospital asserting that the hospital's employees were negligent in treating the decedent and proximately caused her death. *Id.* Appellants subsequently sued the hospital, and the hospital filed a motion for summary judgment, in which it asserted it did not receive actual notice or timely written notice of appellants' claim. *Id.* In analyzing the issue of actual notice, the First Court of Appeals determined that counsel's letters did not provide sufficient actual notice to the hospital that its fault allegedly produced or contributed to the claimed injury. *Id.* at *4. The Court also found that the affidavits of a physician and a nurse, both of whom reviewed the decedent's records and determined that the nursing care provided to decedent fell below the standard of care, were insufficient to constitute actual notice. *Id.* The Court held that "[e]ven if the Hospital were aware of the information in its medical records relied upon by [the affiant doctor] and [the affiant nurse] in

forming their opinions, we hold that this information failed to adequately convey the Hospital's subjective awareness that its fault produced or contributed to the claimed injury." *Id.*

The First Court of Appeals again addressed the issue of actual notice in *Duncan v. City of Houston*, No. 01–05–00079–CV, 2006 WL 181399 (Tex.App.-Houston [1st Dist.] Jan. 26, 2006, pet. denied) (mem. op.). In *Duncan*, appellant sued the City of Houston for personal injuries he sustained after striking a guy wire while riding his bicycle. *Id.* at *1. In a letter to a Reliant Energy/Houston Lighting & Power Co., appellant described his injuries and alleged that the wire posed a substantial tripping hazard and the installation of the wire was grossly negligent. *Id.* Without giving written notice to the City of Houston, appellant subsequently filed suit against it. *Id.* The trial court granted the City's motion for summary judgment on the issue of lack of notice. *Id.* at *2. On appeal, appellant contended the City had actual notice of his claim because Reliant was an agent or representative of the City. *Id.* at *2–*3. The Court of Appeals held that there was no evidence that the City or any of its agents was aware that appellant was injured or that the City's fault produced or contributed to his injury. *Id.* at *3.

The Fort Worth Court of Appeals has twice addressed the issue of actual notice since the Supreme Court issued its opinion in *Simons*. In *Sipes v. City of Grapevine*, 146 S.W.3d 273, 277 (Tex.App.-Fort Worth 2004, rev'd on other grounds), the appellants, who were injured in an automobile accident, filed suit against the City and other defendants. Appellants contended the pavement markings were confusing and the driver's vision was obstructed by concrete traffic barricades, barrels, and a "road closed" sign. *Id.* The City filed a

motion for summary judgment, in which it asserted it did not receive the statutorily-required notice. *Id.* One of the appellants provided the City with written notice, but the other (Trevino) did not. *Id.* at 284. Trevino contended the City received actual notice of her claims "when the City's police officers investigated the accident and through the police reports." *Id.* The police report contained the time and place of the accident, as well as a description of the accident. *Id.* However, after noting that the police report did not describe Trevino's injuries and simply described the road conditions as "obstructed view construction zone[,]" the Court of Appeals determined that as a matter of law, Trevino failed to comply with the TTCA's notice requirements "because there is no evidence the City had subjective awareness that its fault produced or contributed to Trevino's injuries." *Id.*

The Fort Worth Court of Appeals revisited the actual notice issue in *Ortegren v. City of Denton,* No. 2–05–177–CV, 2006 WL 495387 (Tex.App.-Fort Worth March 2, 2006, pet. filed) (mem.op.). In *Ortegren,* the appellants sued the City of Denton for personal injuries and wrongful death resulting from an automobile accident. *Id.* at *1. A Denton police officer, who was an accident investigator and reconstructionist, investigated the accident. *Id.* The officer photographed marks on the pavement and a six-inch drop-off to the right of the paved roadway, and told his supervisor he considered the drop-off a hazard and recommended that it be repaired. *Id.* The officer did not inform the City's legal department or risk manager of a potential claim because he did not believe the City was liable. *Id.* The City did not receive timely written notice of appellants' claim. *Id.* The City filed a hybrid motion for summary judgment regarding the notice of claim, and the trial court granted the motion without stating its basis for doing so. *Id.* On appeal, appellants contended the summary judgment evidence raised an issue of fact as to the City's actual knowledge of the claim. *Id.* at *2. The Court of Appeals held that "as a matter of law, the City did not have actual notice that its fault produced or contributed to the accident. Regardless of whether [the officer] should have reached a different conclusion, the subjective knowledge standard is not met. No other evidence goes to the issue of the City's actual notice." *Id.* at *5. The Court also noted that the City's knowledge that the drop-off was dangerous did not constitute subjective awareness of its fault for appellants' accident. *Id.*

The Amarillo Court of Appeals addressed the actual notice issue in *State v. McAllister,* No. 07–03–0405–CV, 2004 WL 2434347(Tex.App.-Amarillo Oct.29, 2004, pet. filed) (mem.op.). In *McAllister,* an employee of the Texas Department of Transportation (TxDOT) died after being struck by a vehicle driven by appellee McAllister. *Id.* at *1. TxDOT sued McAllister to recover workers' compensation benefits paid on behalf of its employee, and McAllister counterclaimed for property damage, personal injuries, and mental anguish. *Id.* In response to McAllister's counterclaim, TxDOT asserted the defense of sovereign immunity and contended McAllister did not give notice of his claim as required by the TTCA. *Id.* at *1–*2. In a letter to an Assistant Attorney General, McAllister's attorney complained about TxDOT's decision to prosecute a subrogation claim against McAllister. *Id.* at *3. In the letter, counsel stated that McAllister was "seriously affected … personally, mentally and emotionally[,]" by the accident, and that McAllister should "not be forced to relive through the drama of the courtroom the details of this event[.]" *Id.* at *3. The Court of Appeals noted the letter did not mention a claimed injury by McAllister, the time and place of the incident, or the incident that gave rise to the

claim. *Id.* at *4. The Court further pointed out that although TxDOT investigated the accident, "there is no evidence in the record indicating it had actual notice of McAllister's claim or that its fault produced or contributed to the claimed injury." *Id.* Therefore, the Court concluded that McAllister had failed to comply with the notice provisions of the TTCA. *Id.*

■ We must now determine whether TDCJ had actual notice of Simons's claim. *See* Tex. Civ. Prac. & Rem.Code § 101.101(c). After TDCJ conducted an investigation of Simons's accident, TDCJ determined that the accident resulted from Simons's failure to stand clear when ordered, and no TDCJ employees were at fault. *Simons,* 74 S.W.3d at 141. TDCJ disciplined Simons for failing to obey an order to stand clear. *Id.* In addition, Simons's own statements when interviewed by TDCJ indicated Simons did not hold anyone at fault for the accident. *Id.* In response to TDCJ's plea to the jurisdiction and no evidence motion for summary judgment, Simons produced the affidavit of June M. Hodde, Simons's attorney's former legal assistant. Hodde's affidavit states that Simons's attorney instructed her to investigate Simons's accident, and counsel "intended to file a lawsuit concerning this matter if the facts indicated fault or negligence on the part of the members of the work detail or the individuals at the Terrell Unit in charge of [Simons]." Hodde further avers as follows:

> [Simons's counsel] ... spoke directly to someone at the hospital who appeared to be an administrator with authority to authorize a personal visit to Brian, and I was present when this conversation took place. [Simons's counsel] said during this conversation that he was an attorney representing Brian, and that he was investigating the circumstances of Brian's injury and a possible lawsuit against the State.

> Eventually we obtained permission to visit Brian in person at the hospital.... Before doing so, additional telephone calls and faxes were sent to the hospital and to the Terrell Unit. During at least some of those phone calls, I again explained that I worked for [Simons's counsel], that [counsel] was an attorney representing Brian, and that [counsel] was investigating the circumstances of Brian's injury and a possible lawsuit against the State because of those injuries.

> In early December 1994, I visited Brian in person at the Terrell Unit.... In the process of being admitted to the Terrell Unit, I spoke to several individuals, including at least one individual who identified himself as a warden at the Unit. During the course of gaining admission to the Terrell Unit ..., I indicated to individuals working at the Unit that I worked for [counsel], that [counsel] was an attorney representing Brian, and that [counsel] was investigating the circumstances of Brian's injury and a possible lawsuit against the State because of those injuries.

The fact that TDCJ investigated Simons's accident does not constitute subjective awareness on the part of TDCJ that its fault produced or contributed to Simons's injury. *See Simons,* 140 S.W.3d at 347–48. Indeed, the results of TDCJ's investigation indicated Simons, not TDCJ, was responsible for the accident. *Simons,* 74 S.W.3d at 141. Hodde's affidavit does not demonstrate subjective awareness on the part of TDCJ that its fault produced or contributed to the claimed injury. *See generally Casanover,* 2006 WL 23407 at *1, *4 (Letters to hospital, in which counsel asserted the hospital's · negligence proximately caused decedent's death, did not provide actual· notice to the hospital that its fault allegedly produced or contributed to the claimed injury.). Although Hodde avers in

her affidavit that she spoke with a warden at the Terrell Unit, her affidavit does not indicate the substance of the conversation. In addition, there is no evidence in the record that the warden was an individual charged with reporting or investigating claims. Even if we liberally read Hodde's affidavit as indicating she told the warden that she worked for Simons's counsel, who was investigating the accident and contemplating litigation, this would not constitute actual notice to TDCJ that its fault allegedly produced or contributed to Simons's injury. *See generally Simons,* 140 S.W.3d at 347–48; *Sipes,* 146 S.W.3d at 284; *Ortegren,* 2006 WL 495387 at *5.

We hold that, as a matter of law, TDCJ did not have actual notice that its fault produced or contributed to the accident. It was error for the trial court to deny TDCJ's plea to the jurisdiction and no-evidence motion for summary judgment. We reverse the trial court's order and render judgment dismissing Simons's claim for want of jurisdiction.

REVERSED AND RENDERED.

CHARLES KREGER, Justice, dissenting.

This is an interlocutory appeal by the Texas Department of Criminal Justice— Institutional Division ("TDCJ") from an order by the trial court denying TDCJ's plea to the jurisdiction and denying TDCJ's motion for summary judgment. The majority initially finds we have jurisdiction over the appeal and then holds "as a matter of law," that "TDCJ did not have actual notice that its fault produced or contributed to the accident." Because I disagree with the majority's analysis of the current law applicable to both rulings, I respectfully dissent.

APPELLATE JURISDICTION

The majority concludes we have jurisdiction over this appeal by retroactively applying the 2005 amendment to section 311.034 of the Code Construction Act to the instant litigation. *See* Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2005). As noted by the majority, although the amended version of section 311.034 took effect on September 1, 2005, the statute is silent regarding whether the amendment is to be applied retroactively, *i.e.,* to suits pending as of its effective date. The majority also notes the fact that Simons filed suit against TDCJ on August 28, 1996.

The majority recognizes that the Texas Constitution prohibits *ex post facto* laws. Tex. Const. art. I, § 16. However, the majority fails to recognize that the Code Construction Act explicitly states that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Tex. Gov't Code Ann. § 311.022(Vernon 2005) (emphasis added). As both sections 311.022 and 311.034 are found within the Code Construction Act, any interpretation of section 311.034 must be done by harmonizing it with the provisions of the Act, including section 311.022. *See Marcus Cable Assocs., L.P. v. Krohn,* 90 S.W.3d 697, 706 (Tex.2002); *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001). By not interpreting it as applicable to pending litigation, section 311.034 harmonizes easily with section 311.022 as section 311.034 is completely silent with regard to retroactive applicability. The majority's attempt to construe section 311.034 as having retroactive application is "out of harmony" and "inconsistent" with section 311.022. *See Helena Chem.,* 47 S.W.3d at 493. "We must presume that the Legislature intends an entire statute to be effective and that a just and reasonable result is intended." *Id.* (citing Tex. Gov't Code Ann. § 311.021(2), (3) (Vernon 2005)).

By finding that the newly amended section 311.034 is inapplicable to pending liti-

gation, the holding announced in *University of Texas Southwestern Medical Center at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 365 (Tex.2004), and *Texas Department of Criminal Justice v. Simons,* 140 S.W.3d 338, 348–49 (Tex.2004), applies to the instant appeal and results in a loss of appellate jurisdiction by this Court. Failure to give notice of a claim as required by Tex. Civ. Prac. & Rem.Code Ann. § 101.101 (Vernon 2005) does not deprive a trial court of subject matter jurisdiction over an action on the claim. Therefore, as was the circumstance following the trial court's denial of TDCJ's original plea to the jurisdiction in 2001, the instant appeal must be dismissed as the issue raised by TDCJ—that of the inadequacy of notice—"cannot implicate subject matter jurisdiction." *Simons,* 140 S.W.3d at 349.

### PLEA TO THE JURISDICTION— ACTUAL NOTICE

If section 311.034 were somehow found to have retroactive application, I find that TDCJ fails to prevail on its plea to the jurisdiction and motion for summary judgment. Although the issue of whether a court has subject matter jurisdiction is a question of law, in some cases disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact. *See Tex. Dep't of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). Although a plea to the jurisdiction typically challenges the plaintiff's pleadings, *i.e.,* complaint that the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, as opposed to a defendant's challenge of the plaintiff's failure to satisfy a statutory prerequisite to suit (such as notice or venue), if the plaintiff's pleadings do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *See id.*

at 226–27(citing *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002)).

However, if a plea to the jurisdiction challenges the existence of jurisdictional "facts," as is the situation in the instant case, the reviewing court considers relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See id.* at 227(citing *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000)). "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder." *Id.* at 227–28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228. As I will attempt to demonstrate below, the totality of the facts and circumstances surrounding the events at the time of, and subsequent to, Simons's accident are sufficient, at least in my humble estimation, to raise a fact issue precluding both TDCJ's plea to the jurisdiction and no evidence motion for summary judgment.

In *Simons,* the Supreme Court twice sets out the purpose for the notice provision under section 101.101, *viz:*

> We rejected the Booths' argument, holding that their literal reading of subsection (c) would defeat the statute's purpose. We explained:
>
> > The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial.
>
> . . . .
>
> > If a governmental unit has this subjective awareness of fault, along with the other information to which it is entitled

under section 101.101(a), then requiring formal, written notice in addition would do nothing to further the purpose of the statute—which is, "to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial."

140 S.W.3d at 344, 347 (footnote omitted). Shortly after its reiteration of the notice requirement's purpose, the Court placed the requirement in an evidentiary context:

We have long held that actual notice is a fact question when the evidence is disputed.[7] In many instances, however, actual notice can be determined as a matter of law. There will, of course, be times when subjective awareness must be proved, if at all, by circumstantial evidence.[8] But this is not inconsistent with the purpose of section 101.101.

*Id.* at 348. Thereafter, the Court explicitly refrained from determining whether TDCJ established that it lacked actual notice of Simons's claim. *Id.*

The majority examines the facts as set out in our prior opinion along with the additional facts noted in the Supreme Court's opinion and concludes "as a matter of law" that TDCJ had no actual notice that its fault produced or contributed to Simons's injuries. I have no quarrel with the proposition noted above that in many instances the question of actual notice can be decided as a matter of law. However, based upon the purpose of the notice requirement and all of the facts and circumstances presented, I find that this particular case is not one of those "many instances." In our prior opinion, we gave somewhat short-shrift to the events that

took place immediately following the accident in which Simons was injured. *See Tex. Dep't of Criminal Justice v. Simons,* 74 S.W.3d 138, 142(Tex.App.-Beaumont 2002, pet. granted). There we pointed out that:

[I]n this case, the Department's safety officers conducted an extensive investigation of a serious injury that occurred while the inmates were operating motor-driven machinery in a supervised work detail. Reports were prepared and promptly submitted to the unit's safety committee. That notice, sufficient to put the Department on inquiry of its possible fault, is demonstrated by the existence of the safety review actually conducted. The Department did investigate the accident and gather the information it needed to defend Simons's claim.

*Id.*

As noted in the Supreme Court's recitation of the underlying facts, "TDCJ immediately investigated the incident. Within hours it took statements from the work supervisor, Ron Canon, and three inmates who were at the scene." *Simons,* 140 S.W.3d at 339. The day after the accident, TDCJ took additional statements from three corrections officers who responded to the accident. *Id.* at 340. Three days after the accident, while in the hospital and taking the prescription narcotic pain-reliever, Vicodin, Simons was interviewed and absolved everyone present when the accident took place from fault. *Id.* at 341–42.

It must be pointed out that although the Supreme Court in *Simons* states that it

---

7. In a footnote here, the Court cites to *Alvarado v. City of Lubbock,* 685 S.W.2d 646, 649 (Tex.1985), and *Lorig v. City of Mission,* 629 S.W.2d 699, 701 (Tex.1982).

8. Here, the Court's footnote cites to *Louisiana–Pac. Corp. v. Andrade,* 19 S.W.3d 245, 247 (Tex.1999), and adds the following parenthetical, "('A plaintiff may establish the defendant's mental state by circumstantial evidence.')."

"resolve[s] the issue the parties have presented," it concludes its opinion by explaining, "[w]e need not determine whether TDCJ established that it lacked actual notice of Simons's claim." *Id.* at 339, 348. Therefore, whatever issue of the parties the Court did resolve, it is quite clear that the Court did not resolve the issue of whether the record indicated TDCJ had subjective awareness of any alleged fault that either produced or contributed to Simons's injuries. *See id.* at 348. As noted above, a defendant's subjective awareness may be proven by circumstantial evidence. *See Louisiana–Pac. Corp. v. Andrade,* 19 S.W.3d 245, 247 (Tex.1999); *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex.1998); *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 23 (Tex.1994). The Court in Moriel recognized "the practical difficulty of producing direct evidence" of the actual subjective knowledge of a defendant for purposes of ultimately proving gross negligence. *Moriel,* 879 S.W.2d at 23. The Court reaffirmed its position that a defendant's actual subjective knowledge could also be proven by circumstantial evidence. *Id.*

In the instant case, as TDCJ's subjective awareness of any alleged fault in producing or contributing to Simons's injuries is a jurisdictional fact that may be proven circumstantially, I find the record before us raises a genuine issue of material fact thereby defeating both TDCJ's plea to the jurisdiction and no evidence summary judgment motions. *See Miranda,* 133 S.W.3d at 228(explaining that appellate review standard for plea to the jurisdiction "generally mirrors that of a summary judgment"). *See also* Tex.R. Civ. P. 166a(i). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004). "When determining if more than a scintilla of evidence has been produced in response to a Rule 166a(i) motion for summary judgment, the evidence must be viewed in the light most favorable to the non-movant." *Id.* at 601. It has been "repeatedly held that more than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* (quoting *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997)).

Under this standard of review, I find the evidence of the immediacy, intensity, scope, and detail of TDCJ's investigation into the facts and circumstances surrounding Simons's accident, taken in the light most favorable to Simons, at least raises a fact question as to whether or not TDCJ immediately perceived culpability on its part with regard to the accident. From the acts related in the prior opinions, it could be reasonably argued that TDCJ's actions were indicative of a "rush-to-judgment" mentality in order to quickly and firmly place blame on Simons alone while at the same time deflecting any fault from the acts or omissions of its supervisory personnel present at the time of the accident. Indeed, as the Supreme Court pointed out: "Simons was cited and disciplined for misconduct in failing to stand clear of the auger as ordered." *Simons,* 140 S.W.3d at 341. Furthermore, during the interview of Simons while he was in the hospital, TDCJ's regional safety officer, Bernard Belvin, told Simons, "We are very sorry that happened[,]" and made the further statement: "We are just trying to make sure if there was a procedure that was done, in doing that, that we could bring it up and prevent it from ever happening this way again. And I know you would want to help us do that." *Id.* at 342. What to make, if anything, of these and other facts and circumstances surrounding the accident are not for this Court, but for an ultimate trier of fact. Under the ap-

propriate standards of appellate review, I believe the trial court properly denied TDCJ's plea to the jurisdiction and no evidence summary judgment motions which only raised the issue of actual notice.

In conclusion, I initially would refuse to retroactively apply section 311.034 to the instant appeal which would require dismissal of the appeal. Failing that, I would find a fact issue presented in the evidence so as to preclude both TDCJ's plea to the jurisdiction and no evidence summary judgment. Because the majority finds otherwise as a matter of law, I file this dissent.