

# IN THE
# TENTH COURT OF APPEALS

No. 10-08-00256-CV

**TEXAS STATE TECHNICAL COLLEGE,**

Appellant

 v.

**JOHN DONALD EVANS,**

Appellee

**From the 170th District Court
McLennan County, Texas
Trial Court No. 2006-4342-4**

## MEMORANDUM OPINION

John Donald Evans sued Texas State Technical College for injuries sustained when he tripped on protective matting on the floor of TSTC's gymnasium. The trial court denied TSTC's plea to the jurisdiction and motion to dismiss. TSTC challenges the denial of its plea on grounds that: (1) Evans failed to provide notice of his claims; (2) there was no unreasonably dangerous condition regarding the mat, Evans knew about the condition, and TSTC did not have actual knowledge of the condition; and (3) Evans's claims are based on discretionary acts. We reverse and render.

**STANDARD OF REVIEW**

A plea to the jurisdiction challenges the trial court's "power to determine the subject matter of the suit." *Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 698 (Tex. App.—Waco 2002, pet. withdrawn). We review a plea "based on sovereign immunity de novo because the question of whether a court has subject matter jurisdiction is a matter of law." *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004); *see Vela*, 69 S.W.3d at 698. Where "the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)). "We indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id*.

**NOTICE OF CLAIMS**

In its first issue, TSTC contends that Evans failed to provide notice of his claims within six months of the accident.

The Tort Claims Act requires a claimant to provide notice to the governmental unit no later than six months after the incident giving rise to the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (Vernon 2005). Formal notice must reasonably describe the damage or injury claimed, the time and place of the incident, and the incident. *Id*. at § 101.101(a)(1)-(3). Formal notice is not required where the governmental unit has actual notice of an injury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c). Because

Evans filed suit after September 1, 2005, the notice requirement is jurisdictional. *See*

TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2008).

**Statutory Notice**

Evans contends that he provided notice by sending an email to Harold Fischer, a

member of TSTC's drafting department, only six days after the accident:

> I had failed to pass on that Saturday, I tripped on the blue matting in the
> gym. There was no tape over the seam. Someone might be interested in
> knowing that so someone else does not get hurt like I did. [E]specially if
> they are an old guy like me.

Citing *University of Texas Southwestern Medical Center. v. Loutzenhiser*, 140 S.W.3d 351

(Tex. 2004) and *Casanover v. Tomball Regional Hospital Authority*, No. 01-04-00136-CV,

2006 Tex. App. LEXIS 108 (Tex. App.—Houston [1st Dist.] Jan. 5, 2006, no pet.) (mem.

op.), TSTC contends that this email fails to either notify it of the claims against it or

reasonably describe the claimed injury.

In *Loutzenhiser*, parents of a child born with birth defects sued the Medical

Center. *See Loutzenhiser*, 140 S.W.3d at 354, 356. The child's father had contacted the

Medical Center via telephone:

> I called after he was born to inform them that he had -- the situation with
> his hand -- he had no fingers, thinking that they would want to be made
> aware of that. The reason that I thought they may want to be made aware
> of that is because I thought it would be relevant to them, and that I had
> read in June or July a *Newsweek* article that said that CVS possibly causes
> limb reduction -- is, I believe, the term that it used. And since it happened
> to my son, I thought that they would want to know about it. . . . And at
> that time I was told that it didn't have anything to do with the test, and
> they didn't act interested in finding out about it. And I said, "Would you
> like some information for your records?", and they never followed up on
> it.

*Id*. at 357. The Texas Supreme Court held that this conversation merely advised the Medical Center that Loutzenhiser had a CVS procedure and the child was born with a limb reduction. *See id*. It neither informed the Medical Center that it had performed the procedure nor gave notice of the time or claim. *Id*. at 357-58. The father merely thought "they would want to be made aware" of the deformity "for [their] records." *Id*. at 358.[1]

In *Casanover*, the Hospital was sued for damages arising out of Rosa Lee Evans's death. *See Casanover*, 2006 Tex. App. LEXIS 108, at *1. Counsel wrote two letters informing the Hospital that he represented Casanover for "'injuries sustained' by [] Evans on or about March 23, 2001." *Id*. at *7-8. The first letter requested medical records and the second requested billing records. *See id*. at *8. The Fourteenth Court held that the letters failed to reasonably describe the injury claimed, indicate that Evans had died, mention an incident, or indicate the Hospital's responsibility for the injury. *Id*. at *9. They "merely refer[ed] to 'injuries sustained on the referenced date.'" *Id*.

Like the telephone call in *Loutzenhiser* and the letters in *Casanover*, Evans's email is inadequate notice under section 101.101(a). Stating that he was "hurt" does not reasonably describe the damage or injury claimed and does not indicate that TSTC might be at fault. *See Loutzenhiser*, 140 S.W.3d at 357-58; *see also Casanover*, 2006 Tex. App. LEXIS 108, at *9; *Tex. Dep't of Crim. Justice v. Thomas*, 263 S.W.3d 212, 218 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (Letter alleging that inmate died of asphyxiation and requesting records, reports, and video tapes was "merely a request for

---

[1] *Loutzenhiser's* holding that the notice requirement is not jurisdictional has been superseded by section 311.034 of the Government Code. *Univ. of Tex. Southwestern Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 364 (Tex. 2004); TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2008).

additional information," not notice of a claim against TDCJ, and failed to describe the incident).  Evans merely thought "[s]omeone might be interested in knowing."  *See Loutzenhiser*, 140 S.W.3d at 358; *see also Casanover*, 2006 Tex. App. LEXIS 108, at *9. Accordingly, TSTC received no statutory notice of Evans's injury.

**Actual Notice**

[A]ctual notice to a governmental unit requires knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).  "Alleged fault" includes the governmental unit's "subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury:"

> It is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault.  If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault.

*Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 347-48 (Tex. 2004).[2]

Citing *Texas Department of Transportation v. Anderson*, No. 12-07-00268-CV, 2008 Tex. App. LEXIS 449 (Tex. App.—Tyler Jan. 23, 2008, no pet.) (mem. op.)., TSTC contends that it did not have subjective awareness of its alleged fault.  In *Anderson*,

---

[2]     Like *Loutzenhiser*, *Simons* also held that the notice requirement is not jurisdictional, a holding which has been superseded.  *Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004); TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2008).

TxDOT was sued regarding a traffic accident that was allegedly caused by a defect in the roadway. *See Anderson*, 2008 Tex. App. LEXIS 449, at *1-2. C. L. Hollis, the TxDOT officer who investigated the accident, informed other employees that the accident resulted in injuries and one fatality, the date and location of the accident, and the victims' identities. *Id*. at *2-3. He opined that the accident was caused by the road's faulty condition. *Id*. He previously worked other accidents in that location and had warned TxDOT of the problem. *Id*. The Tyler Court found that "TxDOT's knowledge of Hollis's opinion, without more, does not show subjective awareness of fault." *Id*. at *11. The "matter never reached the stage of TxDOT's assessing its fault." *Id*. "Without assessment of its fault, TxDOT cannot be said to have had subjective awareness of its fault for this accident." *Id*. Similarly, the letters in *Casanover* and the telephone call in *Loutzenhiser* were insufficient to inform the respective governmental unit that its "fault allegedly produced or contributed to the claimed injury." *Casanover*, 2006 Tex. App. LEXIS 108, at *12-13; *see Loutzenhiser*, 140 S.W.3d at 358.

In his deposition, Evans testified that he was unaware that any TSTC employees were in the area when the accident occurred. Other than his email to Fischer, he did not communicate with any TSTC employees about the accident. Yet, the record does not even suggest that Fischer was an "individual charged with reporting or investigating claims." *Tex. Dep't of Crim. Justice v. Simons*, 197 S.W.3d 904, 911 (Tex. App.—Beaumont 2006, no pet.) (record did not contain evidence that "warden was an individual charged with reporting or investigating claims."). Rather, the affidavit of TSTC chief of safety Rhett Reddell establishes that he was the official charged with being notified of the

accident, but was not notified, and that TSTC was not aware of any previous accidents involving the mats. The record contains no other evidence addressing actual notice.

As in *Loutzenhiser*, *Casanover*, and *Anderson*, Evans's email is insufficient to convey the message to TSTC that its alleged fault produced or contributed to Evans's injury. *See Loutzenhiser*, 140 S.W.3d at 358; *see also Casanover*, 2006 Tex. App. LEXIS 108, at *12-13; *Anderson*, 2008 Tex. App. LEXIS 449, at *11; *Thomas*, 263 S.W.3d at 218 (Actual notice not shown even though TDCJ investigated the matter and where no evidence indicated "whether, how, or why any TDCJ employee was reprimanded in connection with Hollimon's death."). The evidence does not demonstrate actual notice as contemplated by section 101.101(c). *See Simons*, 140 S.W.3d at 347; *see also Loutzenhiser*, 140 S.W.3d at 358; *Casanover*, 2006 Tex. App. LEXIS 108, at *12-13; *Anderson*, 2008 Tex. App. LEXIS 449, at *8-11; *Thomas*, 263 S.W.3d at 218. We sustain TSTC's first issue and need not address its remaining issues. *See* TEX. R. APP. P. 47.1.

The trial court's judgment is reversed and judgment is rendered dismissing Evans's claims for want of jurisdiction.

                                        FELIPE REYNA
                                        Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Reversed and rendered
Opinion delivered and filed March 18, 2009
[CV06]