**CITY OF IRVING, Petitioner,**

v.

**INFORM CONSTRUCTION, INC., Respondent.**

No. 04–0984.

Supreme Court of Texas.

Aug. 31, 2006.

W. Andrew Messer, Frisco, David C. Caylor, City Attorney, Irving, for Petitioner.

Stephen D. Harrison, Henry E. Steck, Andrew B. Piel, Harrison Steck Hoover & Drake, P.C., Fort Worth, for Respondent.

PER CURIAM.

Inform Construction, Inc. sued the City of Irving for breach of contract. The City filed a counterclaim for breach of the same contract and filed a plea to the jurisdiction based on governmental immunity.

The trial court denied the City's plea to the jurisdiction, and the court of appeals affirmed the trial court's order. 143 S.W.3d 371. The court of appeals held

---

that the City's decision to file a counterclaim waived its immunity. *Id.* at 374.

 Based on our reasoning in *Reata Construction Corp. v. City of Dallas,* 197 S.W.3d 371 (Tex.2006), we agree that the City does not have immunity from suit for claims germane to, connected with, and properly defensive to its counterclaim to the extent Inform's claims act as an offset against the City's recovery. Although the City argues that the assertion of a compulsory counterclaim, as opposed to claims brought as a plaintiff, does not impact its immunity, we disagree. We see no difference between a compulsory counterclaim and a counterclaim which is not compulsory insofar as whether the City has immunity from suit. *See id.* As we explained in *Reata,* however, the City retains immunity from suit as to Inform's action for monetary damages arising from claims not germane to, connected with, and properly defensive to the City's counterclaim and also retains immunity from suit to the extent Inform's damages exceed amounts offsetting the City's monetary recovery, absent legislative waiver of that immunity. *See id.*

 Inform also argues that section 51.075 of the Local Government Code and "sue and be sued" language in the City's charter waive the City's immunity. For the reasons explained in *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006), we hold that section 51.075 and the City Charter do not contain clear and unambiguous waivers of immunity. *See also City of Houston v. Jones,* 197 S.W.3d 391 (Tex. 2006).

While this case has been pending on appeal, the Legislature enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including municipalities. Sections 271.152–.154 "apply to a claim that arises

under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Inform should have the opportunity to argue in the trial court that the City's immunity from suit either does not exist pursuant to our decision in *Reata* or that it has been waived by sections 271.151–.160 of the Local Government Code.

Accordingly, we grant the City's petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.