IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-1033
════════════
 
City of Sweetwater, 
Petitioner,
 
v.
 
Allan Waddell, Timothy 
Cliburn, Billy Villanueva, 
Marshall Kiser, Eric Reed, 
Jarrod Campbell, Chris Soles, 
Todd Donham, Kerry Baker, 
Patrick O’Neal, Paul King, 
Jeff Schoenfield, and the 
Sweetwater Professional Fire Fighters Association, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Eleventh District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Several 
firefighters and the Sweetwater Professional Fire Fighters Association sued the 
City of Sweetwater alleging that the City failed to promote firefighter Allan 
Waddell to the position of fire marshal as required by section 143.036 of the 
Texas Local Government Code, and failed to pay each firefighter the same base 
salary as required by section 143.041 of that code. The plaintiffs prayed for a 
declaration that the City’s actions were unlawful, an order that Waddell be 
promoted, and attorney fees and costs, under Tex. Civ. Prac. & Rem. Code § 
37.001–.011, and monetary damages. The City filed a plea to the jurisdiction, 
asserting that it was immune from suit and that the Association, and the 
individual firefighters other than Waddell, lacked standing to sue the City. The 
trial court granted the plea, without stating the grounds for its ruling, and 
dismissed the case with prejudice. The court of appeals reversed and remanded, 
holding that the City’s immunity from suit was waived by a “sue and be sued” 
clause in its charter and that the plaintiffs all had standing to sue. ___ 
S.W.3d ___ (Tex. App.—Eastland 2005).
The court of 
appeals’ decision is inconsistent with our holding in Tooke v. City of 
Mexia, 197 S.W.3d 325 (Tex. 2006). On remand the trial court may consider, 
among other things, whether the City’s immunity from suit is waived by sections 
271.151-.160 of the Local Government Code or other statutory provisions. 
See City of Irving v. Inform Constr., Inc., 201 S.W.3d 693, 
694 (Tex. 2006). Accordingly, we grant the City’s petition for review and 
without hearing oral argument, reverse the judgment of the court of appeals and 
remand the case to the trial court for further proceedings. Tex. R. App. P. 59.1.
 
Opinion 
delivered: March 9, 2007