Opinion issued June 18, 2009

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-09-00039-CV






HARRIS COUNTY, TEXAS, Appellant


V.


SONIA LUNA-PRUDENCIO, MARIA CARMEN GAITAN, ANNA
GAITAN, and ANA BERMUDEZ, Appellees






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2007-24566






O P I N I O N


 Appellant Harris County brings an accelerated appeal on the trial court's ruling
denying its plea to the jurisdiction in a tort claim suit. In two issues, Harris County
argues (1) that the trial court erred in denying its plea to the jurisdiction because (2)
the appellees failed to give notice of their claims as required by section 101.101 of
the Texas Tort Claims Act (1) for subject matter jurisdiction.

 We affirm the interlocutory order of the trial court. 

Background

 On July 1, 2006, at approximately 8:00 a.m., Tevis Kemp, an employee of
appellant Harris County, Texas, was driving a county-owned 2006 Ford E-350 van
near the feeder of 6700 West Sam Houston Toll Road and Bellaire Boulevard.
Appellee Sonia Luna-Prudencio was driving a 2007 Toyota Tacoma truck near the
same intersection. Appellees Maria Carmen Gaitan, Anna Gaitan, and Ana Bermudez
("intervenors") were passengers in Luna-Prudencio's truck. On April 20, 2007,
Harris County sued Luna-Prudencio, alleging that she drove through a red light,
struck Kemp's vehicle and injured Kemp. Harris County alleged damages of
$25,128.22 due to property damage to its van and recoupment of worker's
compensation payments made to Kemp. Luna-Prudencio counterclaimed. In the
counterclaim, Luna-Prudencio alleged that Kemp failed to stop at the red light and
struck her vehicle, pushing her into a third vehicle. Luna-Prudencio alleged damages
of $10,000. 

 On July 30, 2007, the intervenors filed a petition in intervention against Harris
County, alleging that Kemp drove through a red light and struck Luna-Prudencio's
vehicle, causing physical injuries to each of the three intervenors. Each intervenor
alleged damages of $10,000 for past damages and $5,000 for future damages. 

 On July 28, 2008, Harris County moved for partial summary judgment and
made a plea to the jurisdiction. In the plea to the jurisdiction, Harris County alleged
that Luna-Prudencio and the intervenors failed to timely file notice of a tort claim
against it as required by the Texas Tort Claims Act. Harris County attached an
affidavit from Harris County Claims Supervisor Diana Cleveland to its motion for
partial summary judgment. 

 In the affidavit, Cleveland stated that she works in the Claims Department of
the Harris County Office of Human Resources and Risk Management. She stated that
her department is responsible for investigating and processing all claims made against
Harris County. She also stated that she had "made a thorough and complete search
of the records and files of the Harris County Office of Human Resources and Risk
Management and there is no notice of any claim on behalf" of either Luna-Prudencio
or any of the intervenors. She stated that "Harris County had no formal notice of any
claim" on behalf of Luna-Prudencio and the intervenors, and that "Harris County had
no actual knowledge of the alleged claim . . . and that no one employed by Harris
County had any subjective [awareness] of any fault on the part of Harris County in
connection with any incident involving" Luna-Prudencio and the intervenors. 

 Harris County also attached an accident report created on July 3, 2006. In the
accident report, Harris County listed the names of all parties involved in the July 1
incident, including Luna-Prudencio and the intervenors. According to the accident
report, Luna-Prudencio and the intervenors were taken to area hospitals after the
accident. The investigator employed by Harris County gave the following "narrative
opinion" of the cause of the accident:

 Unit 1 [driven by Luna-Prudencio] was westbound on Bellaire
approaching the intersection on the West Sam Houston Service Road
southbound. Unit 1 had a red stop light at the intersection. Unit 2
[driven by Kemp] was southbound on the service road approaching
Bellaire. Unit 2 had a green light. Unit 2 entered the intersection. Unit
1 ran the red light and entered the intersection. Unit 1 struck Unit 2. 
Unit 2 was knock[ed] westbound on Bellaire and struck a light pole in
the center median. Unit 1 was knocked southbound into the eastbound
traffic that was stopped for the red light on Bellaire. Unit 1 struck Unit
3 as it sat waiting for the red light to change. 


 In their response to Harris County's motion for partial summary judgment,
Luna-Prudencio and the intervenors attached an affidavit from Vanessa Rodriguez,
a paralegal working with the law firm the four counter-plaintiffs employed in the
claims against Harris County. Rodriguez stated that she was assigned to the case in
September 2006. She also stated that Luna-Prudencio "gave me a letter she had
received from Theresa Mallery, a claims adjuster with Harris County." Rodriguez
stated that she called the Harris County Human Resources and Risk Management
Office and talked to Patricia Small. She stated that Small "directed me to file our
letter of representation, and notice to Harris County, with the 'Board North America,
at 1310 Prairie, Suite 422 in Houston, Texas 77002.'" She stated that she "prepared
that letter and faxed it to Ms. Small. I also sent it 'First Class Mail.'" Luna-Prudencio and the intervenors attached a copy of the letter addressed to Patricia Small
and a copy of a fax confirmation sheet of the letter.

 On December 31, 2008, the trial court denied Harris County's motion for
partial summary judgment and plea to the jurisdiction. Plea to the Jurisdiction

 In two issues, Harris County argues that the trial court erred in denying its plea
to the jurisdiction because the counter-plaintiffs failed to give notice as required by
section 101.101 of the Texas Tort Claims Act, depriving the trial court of subject-matter jurisdiction over the claims.

 Standard of Review

 Section 51.014(a) of the Texas Civil Practices and Remedies Code permits a
party to appeal an interlocutory order that grants or denies a plea to the jurisdiction
by a governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon
2008); Univ. of Tex. Sw. Med. Ctr. v. Estate of Arancibia, 244 S.W.3d 455, 458 (Tex.
App.--Dallas 2007, pet. denied). Whether a trial court has subject matter jurisdiction
is a question of law. Arancibia, 244 S.W.3d at 458. Accordingly, an appellate court
reviews a challenge to the trial court's subject matter jurisdiction de novo. Id. In
performing this review, the appellate court does not look to the merits of the case, but
considers only the pleadings and evidence relevant to the jurisdictional inquiry. Id.
at 459. In reviewing a trial court's ruling on a plea to the jurisdiction, we construe
the pleadings liberally in favor of conferring jurisdiction. Tex. Dep't. of Transp. v.
Ramirez, 74 S.W.3d 864, 867 (Tex. 2002); Sweeny Cmty. Hosp. v. Mendez, 226
S.W.3d 584, 588 (Tex. App.--Houston [1st Dist.] 2007, no pet.). 

 If a plea to the jurisdiction challenges the existence of jurisdictional facts, we
consider relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues raised, as the trial court is required to do. Tex. Dep't. of Parks
and Wildlife v. Miranda, 133 S.W.3d 217, 226-27 (Tex. 2004). When the
consideration of a trial court's subject matter jurisdiction requires the examination of
evidence, the trial court exercises its discretion in deciding whether the jurisdictional
determination should be made at a preliminary hearing or await a fuller development
of the case, mindful that this determination must be made as soon as practicable. Id. 
Then, in a case in which the jurisdictional challenge implicates the merits of the
plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial
court reviews the relevant evidence to determine if a fact issue exists. Id. If the
evidence creates a fact question regarding the jurisdictional issue, then the trial court
cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact
finder. Id. at 227-28. However, if the relevant evidence is undisputed or fails to raise
a fact question on the jurisdictional issue, the trial court rules on the plea to the
jurisdiction as a matter of law. Id. at 228. 

 Governmental Immunity

 Sovereign immunity and its counterpart for political subdivisions of the State,
governmental immunity, exist to protect the State and its political subdivisions from
lawsuits and liability for money damages. Mission Consol. Indep. Sch. Dist. v.
Garcia 253 S.W.3d 653, 655 (Tex. 2008) (citing Reata Constr. Corp. v. City of
Dallas, 197 S.W.3d 371, 374 (Tex. 2006)). Governmental immunity operates like
sovereign immunity to afford similar protection to subdivisions of the State, including
counties, cities, and school districts. Harris County v. Sykes, 136 S.W.3d 635, 638
(Tex. 2004). Governmental immunity from suit deprives the trial court of subject-matter jurisdiction over a plaintiff's claims against a governmental entity. Id.; Ray
Ferguson Interests, Inc. v. Harris County Sports and Convention Corp., 169 S.W.3d
18, 26 (Tex. App.--Houston [1st Dist.] 2004, no pet.).

 In a suit against a governmental unit, the plaintiff must affirmatively
demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. 
Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003); Sweeny, 226
S.W.3d at 588. "Where a state voluntarily files a suit and submits its rights for
judicial determination it will be bound thereby and the defense will be entitled to
plead all matters defensive." Reata Constr. Corp., 197 S.W.3d at 374 (quoting
Anderson, Clayton & Co. v. State ex rel. Allred, 122 Tex. 530, 62 S.W.2d 107, 110
(1933)). "This includes the right to make any defense by answer or cross-complaint
germane to the matter in controversy." Id. When a governmental entity brings suit
against a private entity, the governmental entity does not bar the private entity's
claims if the claims are germane to, and properly defensive to the claims asserted by
the governmental entity to the extent that the private entity's claims offset those
asserted by the governmental entity. Id. at 378; City of Irving v. Inform Const., Inc.,
201 S.W.3d 693, 694 (Tex. 2006) (city did not have immunity from suit, as to
contractor's compulsory counterclaim for breach of contract, for claims germane to,
connected with, and properly defensive to city's for breach of contract, to extent
contractor's claims acted as offset against city's recovery); Sweeny, 226 S.W.3d at
589. 

 We have previously held that the term "germane" is "not narrower in scope
than the test for a compulsory counterclaim." Sweeny, 226 S.W.3d at 592. A
counterclaim is compulsory only if: (1) it is within the jurisdiction of the court; (2) it
is not at the time of filing the answer the subject of a pending action; (3) the claim is
mature and owned by the defendant at the time of filing the answer; (4) it arose out
of the same transaction or occurrence that is the subject matter of the opposing party's
claim; (5) it is against an opposing party in the same capacity; and (6) it does not
require the presence of third parties over whom the trial court cannot acquire
jurisdiction. Tex. R. Civ. P. 97(a); Ingersoll-Rand Co. v. Valero Energy Corp., 997
S.W.2d 203, 207 (Tex. 1999); Sweeny, 226 S.W.3d at 592. A claim is mature when
it has accrued. Ingersoll-Rand Co., 997 S.W.2d at 207. "Consequently, a compulsory
counterclaim is germane to the opponent's claim by its very nature." Sweeny, 226
S.W.3d at 592 (quoting City of Dallas v. Redbird Dev. Co., 143 S.W.3d 375, 383
(Tex. App.--Dallas 2004, no pet.)). We have also previously held that the phrase
"properly defensive to" "restrict[s] jurisdiction over the amount of the claim for
damages against the governmental entity to the amount that the government actually
recovers." Sweeny, 226 S.W.3d at 593-94. 

 Notice under Texas Tort Claims Act

 "Statutory prerequisites to a suit, including the provision of notice, are
jurisdictional requirements in all suits against a governmental entity." Tex. Gov't
Code Ann. § 311.034 (Vernon Supp. 2008); Tex. Dep't. Of Criminal Justice v.
Simons, 197 S.W.3d 904, 906 (Tex. App.--Beaumont 2006, no pet.). The Texas Tort
Claims Act requires the following notice procedure prior to the filing of a claim under
the Act:

 A governmental entity is entitled to receive notice of a claim against it
under this chapter not later than six months after the day that the
incident giving rise to the claim occurred. The notice must reasonably
describe


 (1) the damage or injury claimed; 


 (2) the time and place of the incident; and


 (3) the incident.


Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a) (Vernon 2005); Parsons v. Dallas
County, 197 S.W.3d 915, 919 (Tex. App.--Dallas 2006, no pet.). 

 However, the notice requirement does not apply "if the governmental unit has
actual notice that death has occurred, that the claimant has received some injury, or
that the claimant's property has been damaged." Tex. Civ. Prac. & Rem. Code Ann
§ 101.101() (Vernon 2005); Parsons, 197 S.W.3d at 919. Under the Texas Tort
Claims Act, actual notice to a government unit requires the governmental unit's
(1) knowledge of a death, injury or property damage; (2) subjective awareness that
its fault produced or contributed to the claimed injury; and (3) knowledge of the
identity of the parties involved. Tex. Dep't. of Criminal Justice v. Simons, 140
S.W.3d 338, 344, 348 (Tex. 2004); Parsons, 197 S.W.3d at 919 (holding that plaintiff
must plead facts sufficient to invoke waiver of governmental immunity under Texas
Tort Claims Act). Actual notice is a fact question when the evidence is disputed.. 
Simons, 140 S.W.3d at 348. In many instances, however, actual notice can be
determined as a matter of law. Id. There will, of course, be times when subjective
awareness must be proved, if at all, by circumstantial evidence, but this is not
inconsistent with the purpose of section 101.101. Id. 

 Luna-Prudencio's Counterclaim

 Here, Harris County filed a suit in tort against Luna-Prudencio for property
damage and expenses related to personal injuries of its employee, Kemp. In its suit,
Harris County alleged that Luna-Prudencio negligently drove through a red light and
struck a county-owned vehicle driven by Kemp. Harris County alleged damages of
$25,128.22. Luna-Prudencio filed a counterclaim against Harris County for property
damages and personal injuries. In her counterclaim, Luna-Prudencio alleged that, in
the same occurrence, Harris County's employee, Kemp, negligently drove a county-owned vehicle through a red light, struck her vehicle, and pushed her vehicle into a
third vehicle. Luna-Prudencio alleged damages of $10,000. 

 Luna-Prudencio had not filed a separate claim against Harris County that was
pending at the time of filing her counterclaim. She filed the counterclaim based on
the same occurrence that is the subject matter of Harris County's claim. Litigation
of Luna-Prudencio's claim did not require the presence of third parties over whom the
trial court could not acquire jurisdiction. Luna-Prudencio's claim accrued on July 1,
2006, the date of the incident. Therefore, Luna-Prudencio's claim satisfied the test
for a compulsory counterclaim. See Tex. R. Civ. P. 97(a); Ingersoll-Rand Co., 997
S.W.2d at 207; see also Sweeny, 226 S.W.3d at 592. By satisfying the test for a
compulsory counterclaim, Luna-Prudencio also satisfied the "germane to" test within
the meaning of Reata. See Reata Constr. Corp., 197 S.W.3d at 374; see also City of
Irving, 201 S.W.3d at 694; Sweeny, 226 S.W.3d at 592. 

 In its suit against Luna-Prudencio, Harris County alleged damages of
$25,128.22. In her counterclaim against Harris County, Luna-Prudencio alleged
damages of $10,000. Because Luna-Prudencio alleged damages against Harris
County in a lesser amount that the damages alleged by Harris County against her, she
satisfied the "properly defensive to" test within the meaning of Reata. See Reata
Constr. Corp., 197 S.W.3d at 374; Sweeny, 226 S.W.3d at 592. 

 Because Harris County initiated suit against Luna-Prudencio, a private party,
we hold that Luna-Prudencio affirmatively demonstrated Harris County's waiver of
governmental immunity by establishing that her counterclaim was germane to and
properly defensive to Harris County's suit. See Reata Constr. Corp., 197 S.W.3d at
374; see also City of Irving, 201 S.W.3d at 694; Sweeny, 226 S.W.3d at 592-93. 

 Furthermore, Luna-Prudencio satisfied the notice requirement in section
101.101 of the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann §
101.101; see also Parsons, 197 S.W.3d at 919. In her reply to Harris County's
motion for partial summary judgment, Luna-Prudencio attached an affidavit from
Vanessa Rodriguez, a paralegal working with the law firm she employed in her
counterclaim against Harris County. Rodriguez stated that Luna-Prudencio "gave
me a letter she had received from Theresa Mallery, a claims adjuster with Harris
County." She further stated that she called the Harris County Human Resources and
Risk Management Office and talked to Patricia Small. She also stated that Small
"directed me to file our letter of representation, and notice to Harris County, with the
'Board North America, at 1310 Prairie, Suite 422 in Houston, Texas 77002.'" She
stated that Small told her that Luna-Prudencio's claim number was HC121700. She
stated that she "prepared that letter and faxed it to Ms. Small. I also sent it 'First
Class Mail.'"

 Luna-Prudencio and the intervenors attached a copy of the letter dated
September 25, 2006 and addressed to Patricia Small. The letter identifies Luna-Prudencio as a litigant against Harris County and includes the claim number
HC121700 in its caption. The letter reads, in relevant part:

 This firm represents the above-referenced client in connection with
injuries and damages sustained in a vehicular collision as captured
above. This letter will serve as our formal claim notice required by the
pre-judgment interest rule of Section 6, Article 5069-1.05 of the revised
Texas Civil Statutes. 


 Through the contents of the September 25, 2006 letter, Harris County had
notice of Luna-Prudencio's claim within six months of the incident. It also had
knowledge of Luna-Prudencio's identity and her injuries and damages. It also had
knowledge of the time and place of the incident. Therefore, Harris County had notice
within the meaning of Texas Tort Claims Act section 101.101(a). See Tex. Civ.
Prac. & Rem. Code Ann. § 101.101(a); see also Parsons, 197 S.W.3d at 919. 
Because Harris County had timely notice of Luna-Prudencio's counterclaim and
satisfied the other jurisdictional requirements of section 101.101(a), the trial court
properly ruled it had jurisdiction over her counterclaim. See Tex. Gov't Code Ann.
§ 311.034; Simons, 197 S.W.3d at 906. 

 We overrule Harris County's first and second issues as to Luna-Prudencio's
counterclaim. We now determine whether the trial court had jurisdiction over the
intervenors' petition in intervention.

 Intervenors' Petition in Intervention

 Intervention

 Any party may intervene by filing a pleading, subject to being stricken out by
the court for sufficient cause on the motion of any party. Tex. R. Civ. P. 60; In re
Union Carbide Corp., 273 S.W.3d 152, 154 (Tex. 2008). The rule authorizes a party
with a justiciable interest in a pending suit to intervene in the suit as a matter of right. 
Union Carbide, 273 S.W.3d at 154. To constitute a justiciable interest, the
intervenor's interest must be such that if the original action had never been
commenced and he had first brought it as the sole plaintiff he would have been
entitled to recover in his own name to the extent of at least a part of the relief sought
in the original suit. Id. at 155. 

 An intervenor is not required to secure the trial court's permission to intervene; 
the party who opposed the intervention has the burden to challenge it by a motion to
strike. Guar. Fed. Sav. Bank v. Univ. Sav. Cos., Inc., 793 S.W.2d 625, 657 (Tex.
1990); see also Neely v. Hubbard, No. 01-02-00160-CV, 2004 WL 35809, at *3 (Tex.
App.--Houston [1st Dist.] 2004, no pet.) (mem. op., not designated for publication). 
Although the trial court has broad discretion in determining whether an intervention
should be stricken, it is an abuse of discretion if (1) the intervenor satisfies the test
that he would be entitled to recover in his own name to the extent of at least a part of
the relief sought, (2) the intervention will not complicate the case by an excessive
multiplication of the issues, and (3) the intervention is almost essential to effectively
protect the intervenors' interest. Guar. Fed. Sav. Bank , 793 S.W.2d at 657; see also
Neely, 2004 WL 35809, at *3. 

 Texas Rule of Civil Procedure 39(a)(1) "requires the presence of all persons
who have an interest in the litigation so that any relief awarded will effectively and
completely adjudicate the dispute." Tex. R. Civ. P. 39(a)(1); Wilchester W.
Concerned Homeowners LDEF, Inc. v. Wilchester W. Fund, Inc., 177 S.W.3d 552,
560 (Tex. App.--Houston [1st Dist.] 2005, pet. denied). The compulsory joinder rule
focuses not so much on whether the court has jurisdiction over the parties, but rather
on whether the court ought to proceed with the parties before it. Cooper v. Tex. Gulf
Indus., Inc., 513 S.W.2d 200, 204 (Tex. 1974); Griggs v. Latham, 98 S.W.3d 382, 385
(Tex. App.--Corpus Christi 2003, pet. denied).
 Intervenors' Notice under Texas Tort Claims Act Section 101.101(a)

 Here, the intervenors were passengers in Luna-Prudencio's vehicle at the time
of the incident. Based on the initial and subsequent pleadings in the record, Harris
County did not contemplate initiating suit against the intervenors. 

 The intervenors filed a petition, alleging that Harris County's employee, Kemp,
negligently drove through a red light and crashed into Luna-Prudencio's truck. The
intervenors pled that Kemp's actions caused personal injuries to them. Each
intervenor alleged damages of $15,000. The intervenors had a "justiciable interest"
in the tort claims suit because they would have been able to bring suit against Harris
County as original plaintiffs if Luna-Prudencio had failed to do so. See Tex. R. Civ.
P. 60; see also Union Carbide, 273 S.W.3d at 154. Because they had a "justiciable
interest" in the suit, they became necessary parties to the suit "so that any relief
awarded will effectively and completely adjudicate the dispute." Tex. R. Civ. P. 39;
Wilchester W., 177 S.W.3d at 560. However, we are compelled to construe any
statutory waiver of governmental immunity narrowly. See Tex. Gov't Code Ann.
§ 311.034; Mission Consol. Indep. Sch. Dist., 253 S.W.3d at 655. Therefore, we
consider whether the intervenors satisfied the requirements of section 101.101(a). 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a).

 Here, the intervenors presented an affidavit from Vanessa Rodriguez, a
paralegal working in the law firm the intervenors employed. Rodriguez stated that
she prepared a letter notifying Harris County of the intervenors' claims. The
intervenors also presented the September 25, 2006 letter. The letter identified the
intervenors as litigants against Harris County and included the claim number
HC121700 in its caption. In the letter, the intervenor's counsel wrote that the letter
"will serve as our formal claim notice." 

 Through the contents of the September 25, 2006 letter, Harris County had
notice within six months of the incident. It also had knowledge of the intervenors'
identities and their injuries and damages. It also had knowledge of the time and place
of the incident. Therefore, Harris County had notice within the meaning of Texas
Tort Claims Act section 101.101(a). See Tex. Civ. Prac. & Rem. Code Ann. §
101.101(a); see also Parsons, 197 S.W.3d at 919. Because Harris County had timely
notice of the intervenors' claims, the trial court had jurisdiction over their claims. 
Tex. Gov't Code Ann. § 311.034; Simons, 197 S.W.3d at 906. 

 We overrule Harris County's first and second issues as to the intervenors'
claims. 

Conclusion

 We affirm the interlocutory order of the trial court. 





 Evelyn V. Keyes

 Justice


Panel consists of Justices Keyes, Hanks, and Bland.

1. Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (Vernon 2005).