Opinion issued March 3, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00440-CV

———————————

Theresa Seale and Leonard Seale, Appellant

V.

Texas
Department of Family and Protective Services, Robert Brown, and Donna Brown, Appellee



 



 

On Appeal from the 310th District Court 

Harris County, Texas



Trial Court Case No. 2008-60603

 



MEMORANDUM
OPINION

          Theresa and
Leonard Seale appeal the trial court’s designation of Robert and Donna Brown as
joint managing conservators of the minor child M.M.  Both the Browns and the Seales petitioned to
intervene as parties to a suit brought by the Department of Family and
Protective Services (DFPS) to terminate parental rights and designate a
conservator for the child.  The Seales
argue on appeal that the trial court erred in denying DFPS’s motion to strike
the Browns’ petition because the Browns lacked standing to intervene under the
Family Code.  The Seales also argue the
trial court erred in denying their own petition because they had standing and
none of the parties filed a motion to strike their intervention.  Finally, the Seales challenge the Browns’
appointment as M.M.’s joint managing conservators.  

We reverse and remand for a new
trial on the merits.  

Background

          DFPS
took custody of M.M. at her birth in October 2008 when she tested positive for
marijuana and her mother tested positive for marijuana and Valium.  DFPS initiated a suit affecting the parent
child relationship (“SAPCR”) within days of M.M.’s birth and filed a petition
for the protection of the child, conservatorship, and the termination of
parental rights.  DFPS placed M.M. with
the Seales who the agency believed to be M.M.’s paternal grandparents.  A paternity test later showed that the Seales
had no blood relationship to M.M.  The
Seales continued to raise M.M., even after the discovery, with Theresa Seale
staying home to care for her and Leonard Seale supporting the family.

          M.M.’s
maternal great-aunt, Donna Brown, discovered in July 2009 that the child was
being raised by people who had no blood relationship to M.M.  She attempted to contact DFPS regarding M.M.,
but did not receive a response from the agency until December 2009.  DFPS told Donna that the agency would conduct
a home study, but it did not initiate a home study until shortly before
trial.  

In February 2010, the Browns filed
a petition to intervene in the DFPS suit and asked to be designated as M.M.’s
joint managing conservators.  A month
later, they filed a motion asking the trial court for leave to file their
petition to intervene.[1]  DFPS filed a motion to strike the Browns’
petition.  After a hearing on March 30,
2010, the trial court denied DFPS’s motion to strike and allowed the Browns to
intervene as parties to the suit one month before trial.  

The Seales filed their own petition
to intervene on April 13, 2010, within two weeks of the hearing on DFPS’s
motion to strike the Browns’ intervention. 
Trial began two weeks later at which time the Browns alleged that the
Seales only served them on the day of trial and had failed to file a motion for
leave to file their petition.  The Seales
explained that they had not intervened earlier because they did not consider
themselves to be adversaries to any parties to the proceeding until the trial
court allowed the Browns to intervene.  The
trial court ruled, “I’m going to deny your request for intervention as no
motion for leave has been made,” but would allow the Seales to testify if
called.  The Browns then invoked the Rule
and excluded all witnesses from the courtroom, including the Seales.  See Tex. R. Evid. 614.

At trial, the court terminated all
parental rights to M.M. after her mother signed a voluntary relinquishment of
her rights.[2]  The trial court then heard testimony as to
conservatorship.  DFPS argued that M.M.
should remain with the Seales.  One of
M.M.’s case workers testified that M.M. had been with the Seales for her entire
life—18 months at the time of trial—and that the child had bonded with her
foster parents.  She testified that
M.M.’s only contacts with the Browns were two visits in the month before trial
at the DFPS office.  

Theresa Seale testified to M.M.’s
daily routine, her family’s financial and living situation, and that she had
two grown sons with drug problems—one of whom lived with M.M.’s mother at the time.  Leonard Seale testified that he had not
smoked marijuana in the last two to three years, but that in the past he had
smoked marijuana with his stepson who everyone believed to be M.M.’s
father.  He testified that he had never
smoked marijuana with M.M.’s mother and that she had not lived on his property
after she became pregnant with M.M. 
M.M.’s mother testified that she had lived on the Seale’s property for
several months and had smoked marijuana before, during, and after her pregnancy
with Leonard Seale and his stepson.  She
stated that she preferred that DFPS place M.M. with the Browns.

Donna Brown testified as to her
family’s financial and living situation and that she wanted conservatorship of
M.M. because of her family connection. 
She stated they were in the final stages of adopting a three year-old
girl who was the child of a distant cousin and had lived with them since
infancy.  She also testified that her 26
year-old physically disabled son lived with them as well and that he was doing
well despite past instances of depression and suicidal thoughts as a
teenager.  Robert Brown testified that he
had a robbery and a DWI conviction and had used marijuana and cocaine, but that
none of these behaviors continued past the early 1980s.  

The trial court appointed the
Browns as joint managing conservators with DFPS.  The Seales timely filed a notice of appellate
points under Texas Family Code section 263.405(b) and a motion for new trial
challenging the denial of DFPS motion to strike the Browns’ petition to intervene,
the trial court’s denial of their own petition, and the trial court’s
appointment of the Browns as conservators even though they lacked standing to
participate.  The trial court denied the
motion for new trial and the Seales appealed. 


Petition to Intervene in SAPCR
Proceedings

The Seales contend that the trial court erred in denying
DFPS’s motion to strike the Browns’ petition to intervene and in dismissing
their petition to intervene.  All parties
agreed that Texas Rule of Civil Procedure Rule 60 governs the intervention
procedure in this case.  Rule 60 permits
any party to intervene in an action “subject to being stricken out by the court
for sufficient cause on the motion of any party.”  Tex.
R. Civ. P. 60; see McCord v. Watts,
777 S.W.2d 809, 811–12 (Tex. App.—Austin 1989, no pet.) (applying Rule 60 to
petitions to intervene in SAPCR proceeding). 
The rule authorizes a party with a justiciable interest in a pending
suit to intervene as a matter of right.  In
re Union Carbide Corp., 273
S.W.3d 152, 154 (Tex. 2008).  

Ordinarily, to have a justiciable interest the intervenor
must show standing to have brought the original suit, or that he would be able
to defeat recovery, or some part thereof, if the action had been brought
against him.  Whitworth v. Whitworth, 222 S.W.3d 616, 621 (Tex. App.—Houston [1st
Dist.] 2007, no pet.). “However, an intervenor in a suit affecting the
parent-child relationship does not need to plead or prove the standing required
to institute an original suit because managing conservatorship is already in
issue.”  Id.  Section 102.004(b) of
the Family Code provides that the trial court may grant a grandparent or “other
person deemed by the court to have had substantial past contact with the child
leave to intervene in a pending suit filed by a person authorized to do so
under this subchapter,” if the court has proof that appointing either parent as
a managing conservator would impair the child’s health and emotional
development.  Tex. Fam. Code Ann. § 102.004(b) (West 2008).  

Under Rule 60 of the Texas Rules of
Civil Procedure, an intervenor is not required to secure the trial court’s
permission to intervene; the party who opposed the intervention has the burden
to challenge it by a motion to strike. 
See Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990); see
also Harris Cnty. v. Luna-Prudencio,
294 S.W.3d 690, 699 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  We examine the trial court’s ruling on a
motion to strike for abuse of discretion. 
Guaranty Fed. Sav. Bank,
793 S.W.2d at 657; In re N.L.G., 238 S.W.3d 828, 829 (Tex. App.—Fort Worth 2007, no pet.).  In reviewing matters committed to a trial
court’s discretion, we are not to substitute our own judgment for that of the
trial court but to determine whether the trial court acted in an arbitrary or
unreasonable manner without reference to any guiding rules or principles.  See Walker v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003).  

I.
      Motion to Strike the Seales’
Petition

The Seales
contend that no party raised a motion to strike their petition and therefore
the trial court abused its discretion by striking the petition sua sponte.  Guaranty
Fed. Sav. Bank, 793 S.W.2d at 657 (holding trial court cannot strike a
petition to intervene without a party’s motion to strike).  The Browns objected on the first day of trial
that the Seale’s petition for intervention had not been filed until two weeks
before trial, that they had only received service on the day of trial, and that
the Seales had not filed a motion for leave to file their petition.  The Seales responded that they had filed the
petition within two weeks of the trial court’s order allowing the Browns to intervene,
before which they believed they were the only family seeking conservatorship of
M.M. 

We must
determine whether the Browns’ objection constituted a motion to strike.  An intervenor does not need the trial court’s
permission to intervene, therefore, the burden rests on the objecting party to
raise a motion to strike to challenge a petition to intervene.  Guaranty Fed. Sav. Bank, 793 S.W.2d at 657.  The Browns
did not use the words “motion to strike,” but their objection challenged the
Seales’ right to intervene as a full party to the suit and sought the same
relief as a motion to strike—namely that
the trial court prevent the Seales from intervening.  The name of the motion does not matter as
long as the relief sought and effect are made clear to the trial court.  See C/S
Solutions, Inc. v. Energy Maint. Servs. Group, L.L.C., 274 S.W.3d 299, 307
(Tex. App.—Houston [1st Dist.] 2008, no pet.) (stating trial court should
consider substance of plea for relief, not merely title given).  The Browns therefore effectively raised a
motion to strike the Seales’ petition to intervene.

II.      Abuse of Discretion

We examine the trial court’s ruling on a motion to strike
for abuse of discretion.  In re N.L.G., 238 S.W.3d at 829.  The trial court ruled on
the Seales’ petition by stating, “I’m going to deny your request for
intervention as no motion for leave has been made.”  The intervenor does not need the trial
court’s permission to intervene.  Harris Cnty., 294 S.W.3d at 699.  Even though the trial court gave an incorrect
basis for its ruling, however, we consider whether a legitimate basis
exists.  Drilex Sys., Inc. v. Flores,
1 S.W.3d 112, 119 (Tex. 1999).

With a petition to intervene, a
trial court abuses its discretion if it strikes a petition in which (1) the intervenor could bring
the same action, or any part thereof, in their own names, (2) the intervention
will not complicate the case by an excessive multiplication of the issues, and
(3) the intervention is almost essential to effectively protect the intervenors’
interest.  See Harris Cnty., 294 S.W.3d at 699 (citing Guaranty Fed.
Sav. Bank, 793 S.W.2d at 657).   

First, the Seales satisfied the first prong because they had
standing to intervene in DFPS suit based on their substantial past contact with
M.M—they had raised her for the entirety of her 18 month life—and the
undisputed allegation in DFPS’s and their own petitions that placement with
M.M.’s mother would significantly impair the child’s health and emotional
wellbeing.  See Tex. Fam. Code Ann.
§ 102.004(b).[3]  

Second, the inclusion of the Seales would not have further
complicated the case.  The Seales did not
bring any new issues or claims to the trial because M.M.’s conservatorship was
already before the court and DFPS was advocating for the Seales to be granted
custody of M.M.  The Seales testified at
trial regardless of their status as full parties to the case.  While allowing their attorney to call and
cross-examine witnesses would have added another attorney to the proceeding,
and thus lengthened the trial to some degree, seven attorneys were already
participating.  The addition of a single
attorney when so many were already participating is not sufficient to outweigh
the Seales’ justiciable interest.

The Seales’ petition also did not complicate the case
because, under these unusual and narrow facts, the timing of their petition to
intervene would not have adversely affected the trial or the other parties to
the case.  The Browns—who lacked standing
to intervene under the Family Code[4]—first
participated in the case less than one month before trial when the court denied
DFPS’s motion to strike the Browns’ petition to intervene.  The Seales, who had standing to intervene,
filed their petition only two weeks later. 
The Seale’s involvement and interest in the suit could hardly have been
surprising to either the trial court or the parties.  The Seales had possession of M.M., had raised
her for her entire life, and DFPS petitioned for and argued that M.M. remain in
their care.  The Seales, without counsel,
had attended all the hearings in the case. 
They had had no reason to intervene before the Browns became parties
when the matter was uncontested.  The
Browns’ intervention changed the dynamics of the case, so it should not have
surprised anyone that the Seales would now want to participate in protecting
their conservator status. 

The only substantive reason offered by the Browns for
striking the Seales’ petition was that they were not served until the day of
trial.  The Seales did not refute or
offer any excuse for their failure.  But
that failure did not prejudice the Browns under these narrow circumstances
given the Seales’ clear interest in the suit and the proximity of the two
interventions. 

Third, the inclusion of the Seales as parties was essential
to the protection of their interest.  The
Seales were unable to call their own witnesses or cross-examine the witnesses
brought at trial.  By preventing the
Seales from presenting any evidence at trial, other than their own testimony,
the trial court eviscerated their ability to present their position
effectively.  See Taylor v. Taylor, 254 S.W.3d 527, 535 (Tex. App.—Houston [1st
Dist.] 2008, no pet.) (holding trial court abused its discretion by forbidding
party from calling or cross-examining witnesses as sanction for not producing
witness and exhibit list before trial). 
The Browns also invoked the Rule excluding witnesses from the courtroom
immediately after the trial court dismissed the petition to intervene.  The Seales, therefore, were not allowed to be
present during trial and their attorney was prohibited from informing them of
the substance of the trial testimony.  Tex. R. Civ. P. 267(d)
(“Witnesses . . . shall be instructed by the court that they are not
to converse with each other or with any other person about the case other than
the attorneys in the case” (emphasis
added)); Bishop v. Wollyung, 705
S.W.2d 312, 314 (Tex. App.—San Antonio 1986, writ ref’d n.r.e.) (holding trial
court may not exclude party in interest, whether named party or not).  Indeed, the court ordered them and the other
witnesses “not to discuss anything” about the case until the trial was concluded.  That limitation on their ability to
communicate interfered with their ability to protect their interest.  

Given the Seales’ standing, the Browns’ lack of standing,
the lack of surprise or inconvenience to the parties or trial court, and the
harm to the Seales’ interest, we hold the trial court abused its discretion by
granting the Browns’ motion to strike the Seales’ petition to intervene. 

III.    Harmful Error

We may not reverse the judgment of the trial court unless we
conclude the error probably caused the rendition of an improper judgment or
probably prevented the petitioner from properly presenting the case to the
appellate courts.  See Tex. R. App. P. 44.1(a);
Quick v. City of Austin, 7 S.W.3d
109, 126 (Tex. 1998).  The Browns contend
that any error by the trial court in striking the Seales’ intervention or
allowing their own is harmless because the trial court may award
conservatorship to any suitable, competent adult.  They assert the trial court heard sufficient
evidence regarding the suitability of both the Browns and Seales to justify its
decision.  

The trial court may designate a suitable, competent adult as
conservator regardless of whether the adult intervened as a party to the
suit.  See Tex. Fam. Code Ann. §§
153.002, 161.207 (West 2008).  Here,
ironically, the trial court allowed the Browns to intervene without standing
under the Family Code and excluded the Seales who had standing and a
justiciable interest.  The Browns’
attorney played a major role at the trial eliciting some of the most
substantial direct and cross-examination testimony of any party except
DFPS.  The Browns also remained in the
courtroom and heard all the evidence presented to the trial court while the
Seales waited in the hall to be called as witnesses.  The Seales were, therefore, unable to call
their own witnesses, cross-examine and refute the evidence against them,
present attorney argument at the open and close, or make any objections to
preserve error on appeal.  Their lack of
participation prevented the Seales from properly preserving, advocating, and
presenting their case on appeal. 
Admittedly, DFPS’s interests aligned with the Seales’ desire to be named
M.M.’s conservator, at least at the start of the hearing.  The Seales were forced to rely, however, on
another party to the proceeding rather than use their own counsel to advocate
their interest.  DFPS switched its
position on appeal so that they now support placement with the Browns and
counsel for DFPS indicated that DFPS changed its position during the hearing
based on the testimony of M.M.’s mother that she had smoked marijuana with
Leonard Seale while pregnant with M.M. 
We hold that the trial court’s error in excluding the Seales was harmful
because it prevented them from participating as a full party to the suit
despite their clear justiciable interest.

We sustain the Seales’ second issue.




 

Conclusion

We hold the trial court abused its discretion in dismissing
the Seales’ petition to intervene and that such error was harmful.  We reverse the judgment of the trial court
and remand the case for a new trial on the merits.  

 

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.











[1]
          As discussed below, a motion for
leave to intervene is not required by Texas Rule of Civil Procedure 60.





[2]
          The trial court also terminated
parental rights as to any unknown father of M.M.





[3]
          Although
the Seales’ petition did not allege facts to establish their substantial contact
with M.M., they told the trial court after the Browns’ objection, “They have
been the foster parents since this child came home from the hospital.”  Also, no party contested the Seales’ standing
to intervene either at the trial court or to this court.





[4]
          At oral argument, DFPS conceded,
and the Browns’ counsel did not disagree, that the Browns did not have standing
to intervene at the time they filed their petition if they were not within the
third degree of consanguinity.  Sections
102.003 and 102.004 of the Family Code list who is entitled to bring an
original suit and who has standing to intervene.  See Tex. Fam. Code Ann. § 102.003, 102.004
(West 2008).  Persons within the third
degree of consanguinity may be entitled to bring an original suit—and thereby intervene—if certain other
conditions are met, but the Browns do not fall within the definition of third
degree consanguinity given in section 102.003. 
Admittedly, the Browns may now be able
to satisfy standing to intervene requirements in section 102.004(b) at a new
trial given their substantial contact with M.M. since the trial court’s
judgment named them joint managing conservators.