**Opinion issued January 9, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00795-CV

———————————

**CITY OF HOUSTON AND KEITH W. WADE, Appellants**

**V.**

**HOPE FOR FAMILIES, INC., Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-37622**

---

## MEMORANDUM OPINION

After Hope for Families, Inc. acquired property for a community development project financed by the City of Houston, its participation became stymied by pre-existing tax liability attached to the property. The dispute between HFF and the City

arose when Keith Wade negotiated a deed on behalf of the City that transfered the land to the City in exchange for forgiveness of the financing debt.

HFF sued the City and Wade for declaratory relief, seeking to invalidate the deed because of Wade's alleged fraud in the inducement and HFF's failure to execute the deed according to statute. HFF brought separate tort claims for fraud and fraud in the inducement against Wade.

The City and Wade filed a plea to the jurisdiction, seeking dismissal of HFF's claims based on governmental immunity. The trial court denied the plea, and the City and Wade appeal, contending that HFF did not demonstrate that a waiver of immunity applied to its claims. We affirm in part and reverse in part.

## Background

In 2010, the City selected HFF to participate in a community development program and agreed to provide it with funding to purchase, demolish, and rehabilitate a foreclosed and dilapidated apartment complex known as the Bayou Bend Apartments into a multi-family development.[1] The City made approximately

---

[1] The background section of this opinion draws in large part from HFF's original petition. Before the City and Wade filed their plea to the jurisdiction, HFF amended its petition, omitting many allegations and adding others; adding Wade as a defendant; and making new legal claims against the City. Generally, "[a] plaintiff's timely filed amended pleading supersedes all previous pleadings and becomes the controlling petition in the case regarding theories of recovery." *Elliott v. Methodist Hosp.*, 54 S.W.3d 789, 793 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *see Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) ("Amended pleadings supersede prior pleadings, and any claim not carried forward in an amended pleading is deemed dismissed."); *see also* TEX. R. CIV. P. 63, 65. With respect to the factual

$4 million in financing available to HFF for the purchase, and HFF executed a promissory note in that amount.

HFF learned after purchasing the property that it was encumbered with delinquent property taxes, which prevented HFF from proceeding with the project. For approximately two years, HFF worked toward a resolution of the tax delinquency. Before a resolution could be reached, however, Wade procured a general warranty deed signed by one of HFF's board members that purported to convey title to the property to the City in exchange for "ratification of the absence of" HFF's liability under the $4 million promissory note and reserving to HFF rights of first refusal in any future sale and participation in future development of the property. Although Wade allegedly represented that the deed would not be used for any purpose, it was filed in the Harris County real property records.

In its petition, HFF seeks to have the deed declared void, and either have it removed from the Harris County property records or have an order placed in the records declaring the deed void. HFF claims that the deed is void because its board did not pass a resolution authorizing the property's transfer and thus the conveyance did not comply with the requirement that HFF convey real property only "by

allegations, however, those in the live pleading are not inconsistent with those in the original petition, and we assume that the claims for relief raised in both the superseded and live pleadings arise from essentially the same operative facts.

3

appropriate resolution of the board of director's or members." TEX. BUS. ORGS. CODE § 22.255. The petition also brings claims against Wade, whom it identifies as "an individual who resides in Harris County" for fraud and fraudulent inducement in procuring the allegedly unauthorized deed.

In his answer, Wade asserted that official immunity barred HFF's suit against him and precluded liability for its claims. The plea to the jurisdiction contended that the City was immune from suit and that dismissal of HFF's claims against Wade was required because its allegations against Wade all relate to his negotiation of a real estate deal, which was conduct within the course and scope of his employment.

## Plea to the Jurisdiction

In challenging the trial court's denial of their plea, the City and Wade contend that HFF did not meet its pleading burden to show that its claims fall within a statutory waiver of immunity from suit.

## I. Standard of Review and Applicable Law

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Fink v. Anderson*, 477 S.W.3d 460, 465 (Tex. App.—Houston [1st Dist.] 2015, no pet.). We review a trial court's ruling on a plea to the

jurisdiction de novo to determine whether the plaintiff met this burden. *See City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2008); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

When, as here, a plea to the jurisdiction challenges the pleadings, we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true to determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009); *Miranda*, 133 S.W.3d at 226.

The allegations found in the pleadings may either affirmatively demonstrate or negate the court's jurisdiction. *See Miranda*, 133 S.W.3d at 226–27. If they do neither, the existence of subject-matter jurisdiction is an issue of pleading sufficiency and the court should give the plaintiff an opportunity to amend the pleadings. *Id.* If, however, the pleadings affirmatively negate the existence of jurisdiction, then the court may grant a plea to the jurisdiction as a matter of law without giving the plaintiff an opportunity to amend. *Id.* at 227.

"Governmental immunity is comprised of immunity from both suit and liability." *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). "Immunity from liability protects entities from judgments while immunity from suit deprives courts of jurisdiction over suits against entities unless the Legislature has expressly

5

consented." *Id.* The doctrine exists to protect the State and its political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Harris Cty. v. Luna–Prudencio*, 294 S.W.3d 690, 696 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

## II.     HFF's Claim for Declaratory Relief

HFF's claim for declaratory relief seeks to invalidate the deed based on a provision of the Business Organizations Code declaring that, "A corporation may convey real property of the corporation when authorized by appropriate resolution of the board of directors or members." TEX. BUS. ORGS. CODE § 22.255. The City argues that it is entitled to dismissal because HFF did not meet its burden to plead and prove a statutory waiver of governmental immunity for its declaratory judgment claim.

The Uniform Declaratory Judgment Act (DJA) has a remedial purpose: "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." TEX. CIV. PRAC. & REM. CODE § 37.002(b). Pertinent to HFF's claims, it allows a "person interested under a deed" to have a court determine "any question of construction or validity arising under" it and "obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a).

The DJA does not contain a general waiver of governmental immunity, nor does it otherwise extend a court's jurisdiction. Declaratory-judgment suits against governmental officials "seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities are suits against the State," and, accordingly, "cannot be maintained without legislative permission." *Tex. Nat. Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 855–56 (Tex. 2002).

### A. No Waiver of Immunity Exists for HFF's Claim for Declaratory Relief Against the City.

HFF's DJA claim invokes section 22.255 of the Business Organizations Code, which governs a nonprofit corporation's conveyance of real property. It is within the chapter addressing business procedures for nonprofit corporations, which is, in turn, part of Title 2 of the Code, which pertains to both for-profit and non-profit corporations. Title 2, which contains general provisions applying to both types of corporations, makes clear that section 22.255 does not provide a basis for determining HFF's rights under the deed in relation to those of the City. *See* TEX. BUS. ORGS. CODE § 20.002(b) (expressly providing that transfer of property by a corporation "is not invalid because act of transfer was . . . inconsistent with limitation on the authority of an officer or director to exercise a statutory power of the corporation, as that limitation is expressed in the corporation's certificate of formation"). Nor does the statute permit the corporation to bring suit against the

transferee to contest the validity of a transfer. It explains that a transfer inconsistent with a limitation on officer's authority may be asserted in a proceeding

> (1) by a shareholder or member against the corporation to enjoin the performance of an act or the transfer of property by or to the corporation;

> (2) by the corporation, acting directly or through a receiver, trustee, or other legal representative, or through members in a representative suit, against an officer or director or former officer or director of the corporation for exceeding that person's authority; or

> (3) by the attorney general to:

>> (A) terminate the corporation;

>> (B) enjoin the corporation from performing an unauthorized act; or

>> (C) enforce divestment of real property acquired or held contrary to the laws of this state.

*See id.* § 20.002(c). Thus, only the attorney general has standing to bring a proceeding under section 22.255 to undo the deed between HFF and the City; HFF is limited to suing the board member who signed the deed. Because the Business Organizations Code limits the application of section 22.255 to circumstances that do not appear here, it does not provide a basis for HFF's claim for declaratory relief and does not waive governmental immunity.

*Texas Lottery Commission v. First State Bank of DeQueen*, 325 S.W.3d 628 (Tex. 2010), relied on by HFF, identifies the obstacle that prevents HFF from pursuing its claim against the City. *DeQueen* explained that immunity was waived in that case because it involved a challenge to a statute—not "a government officer's

8

action or inaction." *Id.* at 635. The pivotal allegation against the City and Wade concerning the deed's validity in this case is not that HFF's board member executed the deed in violation of section 22.255, but that Wade filed the deed after representing that he would not.

**B.      HFF's Claim for Declaratory Relief May Rely on an Ultra Vires Theory.**

In asking the trial court to declare the filed deed invalid, HFF's claim, at bottom, seeks to adjudicate a title dispute. "Generally, a trespass to try title claim is the exclusive method in Texas for adjudicating disputed claims of title to real property." *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 389 (Tex. 2011) (citing TEX. PROP. CODE § 22.001(a)). Treating HFF's claim as a trespass to try title claim does not change the result for the City: absent legislative consent, immunity bars suit against the governmental entity for recovery of title to and possession of land. *See id.*

Because Wade as an individual has no interest in the property at stake, he cannot be sued in his individual capacity under this theory, but his entitlement to immunity for actions in his official capacity is not absolute. "A government employee has the same immunity from suit against him in his official capacity as his employer, unless he has acted ultra vires." *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011). Prosecution thus may proceed against a governmental official under the theory that the official acted ultra vires in

9

procuring the property on behalf of the governmental entity. *See Parker v. Hunegaw*, 364 S.W.3d 398, 407 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

An ultra vires suit alleges that a government employee has acted without legal authority or has failed to perform a purely ministerial act. *Houston Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d 154, 157–58, 160–61 (Tex. 2016); *Heinrich*, 284 S.W.3d at 372; *see Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (explaining that ultra vires action may be brought against government official only for nondiscretionary acts not authorized by law). "[S]uits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money." *Heinrich*, 284 S.W.3d at 372. "To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.*; *see Houston Belt & Terminal Ry.*, 487 S.W.3d at 164 ("Although only exercises of absolute discretion are absolutely protected, whether a suit attacking an exercise of limited discretion will be barred is dependent upon the grant of authority at issue in any particular case."). The rationale for applying the ultra vires exception to title disputes rests on the notion that

> [i]f a government official acting in his official capacity possesses
> property without authority, then possession is not legally that of the

sovereign. Under such circumstances, a defendant official's claim that title or possession in on behalf of the State will not bar the suit.

*Sawyer Tr.*, 354 S.W.3d at 393.

HFF's petition sues Wade as an individual, alleges that Wade acted improperly in filing the deed, and seeks to have the deed invalidated on that basis. Construing the petition's allegations liberally in favor of jurisdiction, they neither affirmatively demonstrate nor negate the court's jurisdiction over Wade in his official capacity. HFF thus should receive the opportunity to replead its claim against Wade. *See Cty. of Cameron v. Brown*, 80 S.W.3d 549, 558–59 (Tex. 2002).

## III. HFF's Fraud Claims Against Wade

HFF alleges that "Wade committed fraud and fraudulent inducement in the procurement of the unauthorized deed" by representing that it had to be signed but would not be used for any purpose.[2] Wade contends that he is immune from suit on HFF's fraud claims because his alleged conduct occurred within the course and scope of his employment with the City. To support this contention, Wade points to the Tort Claims Act, which declares that it does not cover—and thus does not waive immunity for—intentional tort claims against a governmental entity or official. *See* TEX. CIV. PRAC. & REM. CODE § 101.057.

---

[2] The City also argues that it is immune from suit on HFF's fraud claims. Because we do not read the petition as raising fraud claims against the City, we do not address this argument.

HFF's pleading refers to Wade as an individual, and its brief represents that it sued Wade in his individual capacity. Immunity does not apply to tort claims brought against Wade in his individual capacity, even if the torts were committed in the course of his employment with the City. *See Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011) (citing *Heinrich*, 284 S.W.3d at 373 n. 7). We conclude that the trial court did not err in denying the plea as to the fraud claims against Wade in his individual capacity.

## CONCLUSION

We hold that the trial court erred in denying the plea to the jurisdiction as to the City. We further hold that the trial court properly denied the plea to the jurisdiction as to the tort claims against Wade but not as to the possible ultra vires claim against Wade. We therefore reverse the portion of the trial court's order as to the City with instructions to grant the City's plea and dismiss the claims against it for lack of subject-matter jurisdiction. We reverse the portion of the trial court's order denying the plea to the jurisdiction as to the title dispute claim against Wade and remand that issue for further proceedings. We affirm the remainder of the order.


Gordon Goodman
Justice

Panel consists of Justices Keyes, Goodman, and Kelly.

12